[Cited, *Brevard v. Stephens*, 2 Ky. L. 227.]

---

EMILY C. PARSONS *v*. CHARLES W. PARSONS, ET AL.

F. G. BRODIE, ET AL., *v*. SAME.

[Abstract Kentucky Law Reporter, Vol. 1—123.]

Record on Appeal.

> The Court of Appeals will determine causes on what the record discloses, and cannot decide a case upon a record made up after the appeal is taken, on the mere suggestion of counsel that it was a defective record.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 15, 1880.

OPINION BY JUDGE PRYOR:

This case involves the settlement of the estate of Charles B. Parsons, and is made difficult to understand by reason of the many

adverse claims on the part of the heirs, and the confined state of the pleadings. The intelligent report of the commissioners, however, has enabled the chancellor to see the points involved, and is the only guide to this court in ascertaining the alleged errors complained of.

The estate has certainly been recklessly managed, causing its financial ruin and a loss to the widow of a very handsome income. She, confiding in the children, consented to a partition of the estate and looked alone to them for the payment of the debts, and their failure to pay has originated all this trouble. If her sons, or either of them, as her agents, have failed to collect or pay over to her the rents she is entitled to receive her remedy by a separate action, as the claim cannot be asserted in the settlement of her husband's estate. She was entitled to the rents and income as provided by the will of her husband, and the claim by some of the children against the others for advancements made by the mother out of this income was properly disregarded, as it constituted no part of the estate of their father. It was the property of and belonged to Mrs. Parsons, and she could dispose of it as she pleased.

The amounts with which the children have been charged are as nearly correct as is possible to determine under the proof in the case. Although the property of some of the children was sold to pay these debts the amount acutally realized from the sale is all that the children who owned this property can claim as against the other heirs. They ought not to have permitted their property to be sacrificed, and whether so or not the amount they have actually paid is all they can be credited by, whether that payment was made in money or by the sale of realty. There can be no doubt but that the relinquishment by the widow was in consideration of the assumption of the debts by the children; and the opinion being based on this view of the case the settlement made is just and equitable, and it was proper to include in the estimate of the debts the sum due the National Bank, as it contributed to improve or has been expended on the common estate.

The claim asserted by Mrs. Brodie by her exceptions, as well as the claim asserted against her by reason of the improvement made on her estate, as properly adjusted; and, in fact, when considering the bad management of the estate and the tangle in which we find the various claims and accounts, no nearer approach to the equities of the parties can be reached than has been by the court below. It is suggested that some of this property has been sold twice, and the

judgment is sought to be amended and the sale vacated after confirmation, and when the chancellor has no control over it. Whether it can be done in an independent proceeding is a question not before us. Such an error does not appear in the record. It is also insisted that Mrs. Roberts should pay the costs, when it appears that Mrs. Brodie was the party objecting. It is maintained that the record is wrong in this respect. It would be a novel proceeding for this court to decide the case upon a record made up after it came to the court on the mere suggestion of counsel that it was a defective record; and, besides, Mrs. Brodie had the right to object, as the chancellor had no power over the judgment.

The judgment is *affirmed* on the original and cross-appeals.

*Harrison & McGraw, for appellants. M. Mundy, for appellees.*